| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (     ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)
STEVEN MAJEWSKI

2015L010698
CALENDAR/ROOM Z
TIME 00:00
Premises Liability

No. _____

TRADER JOE'S EAST, INC ET AL
*Trader Joes Co.*
*Aldi Inc*
*Aldi International Inc*
*Aldi NORD*

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **801** _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 32429

Name: ELMAN LAW GROUP, LLC

Atty. for: PLAINTIFF

Address: 212 W. WASHINGTON ST., SUITE 1208

City/State/Zip: CHICAGO, IL 60606

Telephone: 312-893-0777   elmanlaw@aol.com

Service by Facsimile Transmission will be accepted at:

WITNESS, **DOROTHY BROWN**
CLERK OF CIRCUIT COURT

OCT 2 1 2015

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(312)     739-2162
(Area Code)   (Facsimile Telephone Number)

**EXHIBIT A**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILL...**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION

STEVEN MAJEWSKI

        Plaintiff,

vs.

TRADER JOE'S EAST, INC, TRADER
JOE'S COMPANY, ALDI, INC., ALDI
INTERNATIONAL, INC, AND ALDI
NORD

        Defendant

No.

Amount Claimed:  to exceed the
sum of $50,000 PLUS COSTS

2015L010692
CALENDAR/ROOM Z
TIME 00:00
Premises Liability

2015 OCT 21 PM 2 55

**COMPLAINT**

**COUNT I: STEVEN MAJEWSKI VS. TRADER JOE'S EAST, INC.**

NOW COMES the Plaintiff, STEVEN MAJEWSKI,  by attorneys, ELMAN LAW GROUP, LLC, and in complaining of the Defendant, TRADER JOE'S EAST, INC., , and states as follows:

1. That on the 9TH day of January 2014the Plaintiff, STEVEN MAJEWSKI, , was lawfully on the premises as an invitee of the Trader Joe's (Store #697) located at  483 N Harlem Ave, Oak Park,  County of Cook, and State of Illinois

2. The Defendant, TRADER JOE'S EAST, INC was the owner of and maintained control of the Trader Joe's store identified in paragraph #1.

That at all times pertinent hereto, the Defendant undertook to inspect and maintain said premises referred to in paragraph 1 and 2.

3. That at all times pertinent hereto, it was the duty of the Defendant in its inspection and maintenance of the premises to exercise ordinary care for the safety of the Plaintiff.

4. That notwithstanding said duty, the Defendant was guilty of one or more of the following
negligent acts or omissions:

   a. Failure to properly maintain the entry way floor to be free of an unnatural
   accumulation of snow and/or ice

   b. Failure to properly inspect the entryway floors.

   c. Failure to properly warn the plaintiff of the unnatural accumulation of snow
   and/or ice in entryway floor area.

   d. Failure to properly maintain the entryway floor mats

   e. Failure to properly inspect the entryway floor mats.

   f. Failure to properly warn the plaintiff of the rolled up mat in entry way area

   g. Failed to properly position the entryway mat.

5. That as a direct and proximate result of one or more of the aforementioned negligent acts or
omissions of the Defendant, the Plaintiff fell at the entryway floor area while entering store
as an invitee,, causing the Plaintiff to lose her balance and fall, resulting in her sustaining
injury to various portions of her body, requiring her to expend money for medical care and
treatment; resulting in her experiencing pain, suffering and mental anguish both now and in
the future; resulting in her becoming both temporarily and permanently disabled and
disfigured,, and out of pocket expenses.

   WHEREFORE, Plaintiff, STEVEN MAJEWSKI   prays judgment against the
Defendant, TRADER JOE'S EAST, INC., in a sum of money to exceed the sum of FIFTY
THOUSAND($50,000) plus costs for Plaintiff.

## COUNT II: STEVEN MAJEWSKI VS. TRADER JOE'S COMPANY

NOW COMES the Plaintiff, STEVEN MAJEWSKI, by attorneys, ELMAN LAW GROUP, LLC, and in complaining of the Defendant, TRADER JOE'S COMPANY, and states as follows:

1. That on the 9TH day of January 2014the Plaintiff, STEVEN MAJEWSKI, , was lawfully on the premises as an invitee of the Trader Joe's (Store #697) located at 483 N Harlem Ave, Oak Park, County of Cook, and State of Illinois

2. The Defendant, TRADER JOE'S COMPANY was the owner of and maintained control of the Trader Joe's store identified in paragraph #1.

That at all times pertinent hereto, the Defendant undertook to inspect and maintain said premises referred to in paragraph 1 and 2.

3. That at all times pertinent hereto, it was the duty of the Defendant in its inspection and maintenance of the premises to exercise ordinary care for the safety of the Plaintiff.

4. That notwithstanding said duty, the Defendant was guilty of one or more of the following negligent acts or omissions:

    a. Failure to properly maintain the entry way floor to be free of an unnatural accumulation of snow and/or ice

    b. Failure to properly inspect the entryway floors.

    c. Failure to properly warn the plaintiff of the unnatural accumulation of snow and/or ice in entryway floor area.

    d. Failure to properly maintain the entryway floor mats

    e. Failure to properly inspect the entryway floor mats.

    f. Failure to properly warn the plaintiff of the rolled up mat in entry way area

    g. Failed to properly position the entryway mat.

5. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions of the Defendant, the Plaintiff fell at the entryway floor area while entering store as an invitee,, causing the Plaintiff to lose her balance and fall, resulting in her sustaining injury to various portions of her body, requiring her to expend money for medical care and treatment; resulting in her experiencing pain, suffering and mental anguish both now and in the future; resulting in her becoming both temporarily and permanently disabled and disfigured,, and out of pocket expenses.

WHEREFORE, Plaintiff, STEVEN MAJEWSKI prays judgment against the Defendant, TRADER JOE'S COMPANY , in a sum of money to exceed the sum of FIFTY THOUSAND($50,000) plus costs for Plaintiff.

## COUNT III: STEVEN MAJEWSKI VS. ALDI, INC, ALDI NORD, AND ALDI INTERNATIONAL

NOW COMES the Plaintiff, STEVEN MAJEWSKI, by attorneys, ELMAN LAW GROUP, LLC, and in complaining of the Defendant, ALDI, INC, ALDI NORD, AND ALDI INTERNATIONAL, , and states as follows:

1. That on the 9TH day of January 2014the Plaintiff, STEVEN MAJEWSKI, , was lawfully on the premises as an invitee of the Trader Joe's (Store #697) located at 483 N Harlem Ave, Oak Park, County of Cook, and State of Illinois

2. The Defendants, ALDI INTERNATIONAL, ALDI NORD, AND ALDI INC was the owner of and maintained control of the Trader Joe's store identified in paragraph #1.

That at all times pertinent hereto, the Defendant undertook to inspect and maintain said premises referred to in paragraph 1 and 2..

3. That at all times pertinent hereto, it was the duty of the Defendant in its inspection and maintenance of the premises to exercise ordinary care for the safety of the Plaintiff.

4. That notwithstanding said duty, the Defendant was guilty of one or more of the following negligent acts or omissions:

    a. Failure to properly maintain the entry way floor to be free of an unnatural accumulation of snow and/or ice

    b. Failure to properly inspect the entryway floors.

    c. Failure to properly warn the plaintiff of the unnatural accumulation of snow and/or ice in entryway floor area.

    d. Failure to properly maintain the entryway floor mats

    e. Failure to properly inspect the entryway floor mats.

    f. Failure to properly warn the plaintiff of the rolled up mat in entry way area

    g. Failed to properly position the entryway mat.

5. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions of the Defendant, the Plaintiff fell at the entryway floor area while entering store as an invitee,, causing the Plaintiff to lose her balance and fall, resulting in her sustaining injury to various portions of her body, requiring her to expend money for medical care and treatment; resulting in her experiencing pain, suffering and mental anguish both now and in the future; resulting in her becoming both temporarily and permanently disabled and disfigured,, and out of pocket expenses.

    WHEREFORE, Plaintiff, STEVEN MAJEWSKI prays judgment against the Defendant, ALDI INTERNATIONAL, ALDI NORD, AND ALDI, INC in a sum of money to exceed the sum of FIFTY THOUSAND($50,000) plus costs for Plaintiff.

ANTHONY R. ELMAN

## AFFIDAVIT AND VERIFICATION PURSUANT TO S. CT. RULE 222 (B)

I, ANTHONY R. ELMAN, an attorney for the Plaintiff, state on oath that I am familiar with the facts relating to the above captioned matter. That the allegations contained in the Complaint are true and the nature and extent of Plaintiff's injuries are such that the claim has a value in excess of $50,000.00, pursuant to S. Ct. Rule 222 (B).

ANTHONY R. ELMAN

ELMAN LAW GROUP, LLC, #32429
212 W. WASHINGTON, SUITE 1208
CHICAGO, IL 60606
phone: 312-893-0777
fax: 312-739-2162
elmanlaw@aol.com